Prior to oral arguments on this appeal, the undersigned were notified in a conference call involving all parties that defendant was withdrawing its assignments of error. Plaintiff, who had made a motion for attorneys' fees, accordingly agreed to withdraw said motion. Therefore, oral arguments on the matter have become unnecessary. Defendant had previously appealed the October 26, 1995 Opinion and Award of Commissioner Mavretic on the initial liability finding, and the Court of Appeals determined the appeal to be interluctory at that time pending final Opinion and Award in the matter from which appeal could be taken.
Accordingly, the March 26, 1997, Opinion and Award of Deputy Commissioner Berger, stands as written, and the undersigned find and conclude as follows:
The undersigned find as facts and conclude as matters of law the following which were entered into by the parties at the initial hearing as
STIPULATIONS
1. Medical records marked as stipulated exhibit 1 were received into evidence.
2. The transcript of the March 12, 1994 hearing was received into evidence.
***********
Based upon the stipulations as well as all of the competent evidence in the record, the undersigned make the following
FINDINGS OF FACT
1. At the time of his compensable injury by accident, plaintiff was a fifty-five year old male with a fifth grade education. Plaintiff's work experience as a truck driver has provided plaintiff with no transferable skills.
2. Plaintiff had no pre-existing back problems other than a back sprain that had resolved itself with conservative treatment prior to his March 12, 1994 compensable injury by accident.
3. At the time that plaintiff felt severe pain in his back when lifting the container of oil on March 12, 1994, plaintiff was unable to climb down from the cab and get out from under the vehicle. Plaintiff was standing for about ten minutes under the edge of the cab. Plaintiff needed assistance from his wife and a neighbor to get out from under the cab. Plaintiff went directly to First Health in Belmont.
4. At First Health, plaintiff reported pain in his lower back after lifting. Plaintiff was prescribed Vicodin and bed rest and was ordered to return if he didn't get better.
5. On March 18, 1994, plaintiff began a course of treatment under the supervision of Dr. Joyce. On March 18, 1994, a medical examination by Dr. Joyce revealed that plaintiff's lumbar spine had a range of motion that was reasonably good although the extremes were uncomfortable to palpation. A straight leg test of plaintiff's right leg was slightly positive at 70 degrees on the right and negative on the left. Plaintiff continued his care with Dr. Joyce until he began a course of treatment with his current treating physician, Dr. Darden.
6. The back and leg pain that plaintiff was suffering at the time of the deposition of Dr. Darden is a direct result of plaintiff's March 12, 1994 compensable injury by accident.
7. As a result of the March 12, 1994 compensable injury by accident, plaintiff underwent a diskectomy at the L5-S1 region on the left. Plaintiff improved following this surgery but was still having leg pain.
8. In the fall of 1994, plaintiff's leg pain worsened. A course of unsuccessful conservative management was pursued that included participation at the Pain Management Center. On August 28, 1995, plaintiff underwent a redo laminectomy at L5-S1 on the left, and then a fusion at L5-S1.
9. Plaintiff was scheduled to receive fusion surgery again on November 7, 1996.
10. Plaintiff has not reached maximum medical improvement.
11. At the present time, plaintiff is unable to do long distance truck driving. Plaintiff can do sedentary work if it involves being able to alternate sitting and standing.
12. Dr. Darden has allowed the plaintiff to attempt to return to work on a trial basis. Plaintiff has attempted on at least one occasion to drive a truck but it took him a week to recover from the pain that he experienced after driving on a 1500 mile trip.
13. Based upon plaintiff's age, educational background, work experience and the severity of pain he is suffering as a result of a back condition requiring at least three back surgeries, it would have been futile for plaintiff to have looked for work without vocational assistance for the time period beginning March 12, 1994 to the present and continuing.
14. As a result of the March 12, 1994 compensable injury by accident, plaintiff has been unable to earn any wages for the time period beginning March 12, 1994 to the present and continuing.
***********
Based upon the foregoing stipulations and findings of fact, the undersigned make the following
CONCLUSIONS OF LAW
1. Plaintiff has proved by the greater weight of the competent, credible, and convincing evidence that he has been unable to earn wages comparable to the wages he was earning at the time of his injury on March 12, 1994 up to the present and continuing. Russell v. Lowes Product Distribution,108 N.C. App. 762(1993); N.C. Gen. Stat. § 97-2(9).
2. Plaintiff is entitled to receive temporary total disability compensation at a rate of $385.47 for the time period beginning March 12, 1994 up to the present and continuing until further order of the Commission. N.C. Gen. Stat. § 97-29.
***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
AWARD
1. Defendant shall pay to the plaintiff temporary total disability compensation in the amount of $385.57 per week for the time period beginning March 12, 1994 through the present and continuing until further order of the Industrial Commission. The portion of this AWARD that has accrued shall be paid in a lump sum subject to the attorney's fee approved below.
2. An attorney's fee in the amount of twenty-five percent of the compensation awarded in paragraph 1 is hereby approved for plaintiff's counsel. The accrued portion of the fee shall be deducted from the accrued benefits and paid directly to counsel for the plaintiff. Thereafter, defendant shall forward every fourth check of compensation benefits to plaintiff's counsel until plaintiff returns to work earning full wages.
3. Defendant shall pay an expert witness fee in the amount of $215.00 to Dr. Darden.
4. Plaintiff shall pay an expert witness fee in the amount of $150.00 to Timothy Bryson.
5. Defendant shall pay the costs.
IT IS FURTHER ORDERED that this case shall be REMOVED from the Full Commission hearing docket.
This the ________ day of ______________________1998.
 S/ ___________________ J. HOWARD BUNN, JR. COMMISSIONER
CONCURRING:
S/ __________________ THOMAS J. BOLCH COMMISSIONER
S/ __________________ EDWARD GARNER, JR. DEPUTY COMMISSIONER
JHB/kws
01/02/98